SLAMA and another, Respondents, vs. YOUNG, School District Clerk, and another, Appellants.

*April 2—June 4, 1929.*

For the appellants the cause was submitted on the brief of *C. J. Smith* and *J. Henry Bennett,* both of Viroqua.

For the respondents there was a brief by *Sanborn, Blake & Aberg* and *Glen H. Bell,* all of Madison, attorneys for James Slama, Jr., and the *Attorney General* and *Mortimer Levitan,* assistant attorney general, for the State, and oral argument by *Mr. W. J. P. Aberg* and *Mr. Bell.*

CROWNHART, J. It appeared on the hearing that there was no levy of taxes made to pay the judgment, and there were no funds in the hands of the school district treasurer to pay it. For that reason *mandamus* would not lie to compel the school clerk to issue any order for that purpose.

Thereupon the petition was amended to require the school clerk to certify to the town clerk the amount of the judgment to be included in the next tax roll against the property of the school district, for collection.

The petitioner contends that it is the duty of the school clerk to certify the judgment against the school district to the town clerk for levy, and cites sub. (8), sec. 40.04, and sub. (5) and (9), sec. 40.11, Stats.

Sec. 40.04 enumerates the powers of the annual district meeting, and sub. (8) enumerates the power—

"To levy such a tax as may be necessary to discharge any debts or liabilities of the district."

Sec. 40.11 enumerates the duties of the district clerk, and sub. (5) provides:

"He shall draw orders on the treasurer as directed by the district meeting and the board."

Sub. (9), sec. 40.11, provides:

"He shall deliver to the town clerk, before the third Monday of November in each year, a certified statement showing the amount of taxes voted and not before reported, and also the amount of tax to be collected in such year, if any, for the annual payment of any loan."

It will be seen that sub. (8), sec. 40.04, provides that the school district meeting may levy a tax to discharge any debts or liabilities of the district, but in this case the district did not so levy, and on the contrary the district had voted not to pay the judgment. It will also be seen that by sub. (5), sec. 40.11, the clerk is required to draw orders on the treasurer as directed by the district meeting, but in this case the district meeting had not directed the clerk to draw an order on the treasurer to pay the judgment. And by sub. (9), sec. 40.11, the clerk is required to certify the amount of taxes voted and to be collected, for the annual payment of any loan. The judgment in this case was not a loan, and this provision does not apply. Therefore it does not appear that the district clerk had any duty to perform with reference to this judgment, unless there was money on hand in the treasury to pay the same, in which case he would be required to issue an order. It appears from the record that no such money was on hand to pay the judgment, and for that reason the court was not authorized to direct its payment, and the court was not authorized to direct a certification of the judgment to the town clerk.

Sub. (1) and (2), sec. 66.09, Stats., provide the method for having judgments against school districts levied, collected, and paid.

It is unfortunate that we cannot decide the case on the merits, as there seems to be a determined opposition to the payment of the judgment. We may say that the judgment cannot be attacked in a collateral proceeding, as here, but we do not deem it wise to comment further.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the petition.